## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KRON YOWPP, | ) | CASE NO. 3:22-CV-904 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN, TOM WATSON, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT & RECOMMENDATION** |
| | ) | |

### I.      Introduction

Petitioner, Kron Yowpp ("Yowpp"), an Ohio prisoner serving an aggregate prison term of fourteen years for felonious assault and improperly discharging a firearm into a habitation, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 31, 2022. (ECF No. 1). Respondent, Warden Tom Watson ("Watson"), has moved to dismiss Yowpp's petition as procedurally defaulted and not cognizable. (ECF No. 8). In response, Petitioner has moved to stay and hold in abeyance his petition or, in the alternative, to dismiss his petition without prejudice. (ECF No. 13). Watson filed an opposition brief on June 16, 2023, and Yowpp filed his traverse on July 12, 2023. (ECF Nos. 14, 15).

This matter is before the Court by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Yowpp's petition and other case-dispositive motions. Because Yowpp's claims are procedurally defaulted, I recommend denying his motion

to stay and hold in abeyance or, in the alternative, to dismiss without prejudice. Moreover, I recommend that the Court dismiss his petition in its entirety.

## II.     Procedural History

### A.  State Conviction

On February 4, 2019, a Lucas County, Ohio grand jury indicted Yowpp on one count of felonious assault with a firearm specification, in violation of Ohio Revised Code sections 2907.02(A)(1)(b)(B)) and 2941.145(A), (B), (C), and (F) and one count of improperly discharging a firearm into a habitation with a firearm specification, in violation of Ohio Revised Code sections 2923.161 (A)(1) and 2941.145(A), (B), (C), and (F). (ECF No. 8-1, Ex. 1). After a trial, a jury found Yowpp guilty of all counts. (*Id.* at PageID #: 117). On August 5, 2019, the court sentenced Yowpp to an aggregate prison term of fourteen years. (*Id.* at Ex. 7).

### B.  Direct Appeal

Yowpp, represented by newly-appointed counsel, appealed to the Ohio Court of Appeals on October 18, 2019. (*See id.* at Ex. 9). He raised two assignments of error:

> **Assignment of Error I:** The trial court abused its discretion when it denied Appellant's motion for acquittal pursuant to Crim.R.29, because the evidence presented was insufficient to support a conviction in this matter.
>
> **Assignment of Error II:** Appellant's convictions for felonious assault and domestic violence were against the manifest weight of the evidence.

(*Id.* at Ex. 10). On November 6, 2020, the Court of Appeals affirmed the judgment of the trial court. (*Id.* at Ex. 12). While Yowpp did not timely appeal to the Supreme Court of Ohio, he filed a notice of appeal and motion for delayed appeal on January 24, 2022. (*Id.* at Exs. 13, 14). On March 15, 2022, the Supreme Court of Ohio denied his motion. (*Id.* at Ex. 15).

### C.  Application to Reopen Direct Appeal

2

On December 13, 2021, Yowpp filed a *pro se* delayed application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. (*Id.* at Ex. 16). He alleged that his appellate counsel was ineffective for failing to raise the following arguments on appeal:

> **Argument I:** Appellate counsel proved ineffective in failing to present to the Court of Appeals the argument that appellant's rights under the Sixth Amendment were violated when he was denied the right to be confronted by the witness against him? As (1) where testimonial evidence was at issue, the Sixth Amendment demanded unavailability and a prior opportunity for cross-examination, and (2) the State's admission of the girlfriend's testimonial statement against the accused, despite the fact that he had had no opportunity to cross-examine her, alone was sufficient to make out a violation of the Sixth Amendment.

> **Argument II:** Appellate counsel proved ineffective in failing to put before the Court of Appeals the issue that the jury's verdict was based on speculation by improperly stacking an inference upon inference and thereby failed to prove each and every element [of] felonious assault as charged in the indictment, in violation of Appellant's right to due process under the Fourteenth Amendment of the United States Constitution.

(*Id.*). The Ohio Court of Appeals denied the application as untimely on January 27, 2022. (*Id.* at Ex. 19). Yowpp did not appeal to the Supreme Court of Ohio.

### D.  Federal Habeas Corpus Petition

On May 31, 2022, Yowpp, *pro se*, petitioned for a writ of habeas corpus from this Court. (ECF No. 1). Yowpp's petition asserted four grounds for relief:

> **Ground One:** The State of Ohio failed to prove the elements of the offenses's, beyond a reasonable doubt, and is thus insufficient, as a matter of law.

> **Supporting Facts:** Both convictions are based upon insufficient evidence, as a matter of law, as the State failed to establish the Petitioner was the perpetrator of the offenses's, as no witness testified Petitioner was the offender, nor any other evidence established such: the jury's decision, and court of appeals, is based upon inference, such is contrary to law.

> **Ground Two:** Petitioner was denied his constitutional right to effective assistance of appellate counsel on his direct appeal, as of right.

3

**Supporting Facts:** Appellate counsel provided ineffective assistance of counsel by failing to argue additional issues in which had merit; by failing to notify petitioner of the court of appeals decision after such was due to the Ohio Supreme Court, and; failing to turn over record to allow Petitioner to continue the appeal process.

**Ground Three:** Petitioner was deprived his Sixth Amendment right to confront the witness against him within his jury trial.

**Supporting Facts:** The State of Ohio failed to produce the witness-victim against the Petitioner within his jury trial, allowing him to confront said individual and conduct cross examination.

**Ground Four:** Petitioner was deprived his fundamental right to access the courts under the First Amendment of the U.S. Constitution.

**Supporting Facts:** Petitioner was deprived on his right to submit a timely jurisdictional appeal to the Ohio Supreme Court, when he wished to submit such, he had a right to do so, further, depriving him of the right to submit a timely application to reopen his direct appeal under APP.R.26(B).

(*Id.* at PageID #: 3–4). On September 28, 2022, Watson filed a return of writ arguing that Yowpp's petition should be dismissed as procedurally defaulted or, in the alternative, denied as meritless. (ECF No. 8).

Yowpp failed to file a timely traverse. On November 29, 2022, the Court ordered Yowpp to file his traverse by January 30, 2023. On January 24, 2023, Yowpp filed a motion for an extension of time to file his traverse. (ECF No. 9). The Court granted the motion and gave Yowpp until April 4, 2023 to file his traverse. On April 3, 2023, Yowpp filed another motion for an extension of time to file his traverse. (ECF No. 11). Specifically, Yowpp requested a sixty-day extension until July 12, 2023 to file his traverse. (*Id.*). The Court again granted Yowpp's motion extending his deadline to July 12, 2023, stating that "[n]o further extensions of time will be granted

4

in regards to the filing of the traverse." On July 12, 2023—the Court-ordered deadline—Yowpp purports to have filed his traverse.[1]

On June 14, 2023, Yowpp filed a motion to stay in abeyance or, in the alternative, to voluntarily dismiss without prejudice. (ECF No. 13). Watson filed an opposition brief on June 16, 2023. (ECF No. 14).

### III.    Law

#### A.  Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Yowpp's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

#### B.  Procedural Default

---

[1] The Court notes that the envelope was postmarked on July 27, 2023, over two weeks after the deadline. (*See* ECF No. 15-13, PageID #: 902). Thus, the Court questions whether it was actually provided to the prison mail staff by the deadline. Nevertheless, the Court will still consider the traverse as filed by the deadline in this report and recommendation.

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court again looks to the last-explained state court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732–33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009).[2]

---

[2] In *Maupin v. Smith*, the Sixth Circuit set forth a four-part test to be followed when the state argues that a habeas claim is defaulted because of a prisoner's failure to observe a state procedural rule. 785 F.2d 135, 138 (6th Cir. 1986). It is:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . [Fourth, o]nce the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must

A petitioner also procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . . it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz*

---

demonstrate . . . that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id*. (citations omitted).

7

*v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

## IV. Analysis

### A. Ground One is procedurally defaulted because Yowpp failed to present his claim to the Supreme Court of Ohio.

In Ground One, Yowpp asserts "The State of Ohio failed to prove the elements of the offenses's, [sic] beyond a reasonable doubt, and is thus insufficient, as a matter of law." (ECF No. 1). Watson argues that Yowpp's claim in Ground One is procedurally defaulted because while he raised this claim on direct appeal, he failed to timely appeal it to the Supreme Court of Ohio. (ECF No. 8, PageID #: 70). Yowpp concedes that his claims "are procedurally defaulted for failing to exhaust to the highest state court level." (ECF No. 13, PageID #: 840).

"A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for relief. 28 U.S.C. § 2254(b) and (c)." *Gordon v. Bradshaw*, No. 104 CV 2299, 2007 WL 496367, at *12 (N.D. Ohio Feb. 12, 2007). "A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state

8

supreme court has had a full and fair opportunity to rule on the claims." *Id.* (citing *Dickerson v. Mitchell*, 336 F. Supp. 2d 770, 786 (N.D. Ohio 2004) (citing *O'Sullivan*, 526 U.S. 838; *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990))). "If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot review the merits of the claim." *Id.* (citing *Rust*, 17 F.3d at 160). "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

The Court agrees Ground One is procedurally defaulted. On direct appeal, Yowpp argued his "convictions for felonious assault and domestic violence were against the manifest weight of the evidence." (ECF No. 8-1, Ex. 10). But after his direct appeal was denied, Yowpp failed to timely appeal to the Supreme Court of Ohio. Over a year after his appeal was denied, Yowpp filed a notice of appeal and motion for delayed appeal, and the Supreme Court of Ohio denied his motion. (*Id.* at Ex. 13–15). Thus, the Supreme Court of Ohio never reached the merits of his Ground One claim.

"If a state has a procedural rule that prevented the state courts from hearing the merits of a habeas petitioner's claim, that claim is procedurally defaulted when: (1) the petitioner failed to comply with the rule; (2) the state actually enforced the rule against the petitioner; and (3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *James v. Sheldon*, No. 1:17-CV-2095, 2021 WL 405522, at *4 (N.D. Ohio Feb. 5, 2021) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011)).

9

Yowpp failed to comply with the filing requirements of Ohio Supreme Court Practice Rule 7.01, which requires an appellant to file notice of appeal within forty-five days of the entry of judgment being appealed, thus satisfying the first factor of the *Maupin* test. The second *Maupin* factor was satisfied when the Supreme Court of Ohio denied Yowpp's motion for delayed appeal. (ECF No. 8-1, Ex. 15). Finally, Yowpp's failure to comply with the filing requirements of Ohio Supreme Court Practice Rule 7.01 constitutes an adequate and independent state ground on which Ohio can rely to foreclose review of a federal constitutional claim. *See Parker v. Bagley,* 543 F.3d 859, 862 (6th Cir. 2008). Accordingly, Yowpp's Ground One is procedurally defaulted.

"When a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto . . . .'" *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005) (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)). "To show cause, a petitioner must show that some objective factor external to the defense impeded . . . his efforts to comply with the State's procedural rule." *Id*. (citation and internal quotation marks omitted). Yowpp attempts to argue that his procedural default was caused by ineffective assistance of his appellate counsel for allegedly failing to send him a copy of the Ohio Court of Appeal's decision denying his direct appeal. (ECF No. 13, PageID #: 840–41). "To constitute cause, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs*, 411 F.3d at 668.

Here, Yowpp's asserted "cause" is also procedurally defaulted. While Yowpp did not raise his counsel's alleged failure to timely provide him with the Ohio appellate court's decision denying his direct appeal in his application to reopen his appeal, he did raise it as "good cause" for his failure to timely file his application to reopen his appeal. (ECF No. 8-1, Ex. 16). The Ohio Court

of Appeals held that Yowpp failed to demonstrate good cause for his delay because "even assuming that there was initial good cause for a delayed application due to counsel's alleged tardiness, that good cause [had] long expired due to appellant's own continued inaction." (*Id.* at PageID #: 258). Specifically, the state court found that by Yowpp's own admissions "he delayed an additional nine months before filing [his] application to reopen" after receiving the documents he requested from his appellate counsel. (*Id.*). Yowpp concedes he had access to the materials by February 2021, despite filing his application in December 2021.[3] (*See id.* at PageID #: 204). Therefore, the Ohio Court of Appeals denied his application to reopen his appeal. Yowpp failed to appeal that decision to the Ohio Supreme Court, and he can no longer do so. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).[4] Accordingly, Yowpp's assertion of ineffective assistance of appellate counsel for failing to provide him the necessary documents to file his appeal to the Supreme Court of Ohio and motion to reopen his appeal is procedurally defaulted and cannot constitute "cause" for failing to exhaust Ground One. *Adams,* 2016 WL 6610219 at *2 (citing *O'Sullivan*, 526 U.S. at 848)

---

[3] The Court notes that Yowpp also concedes in his traverse that he knew of the appellate court's decision at least by January 11, 2021 when his case manager sent him a copy of his criminal case docket. (*See* ECF No. 15, PageID #: 879–80).

[4] To the extent Yowpp argues it would have been futile to appeal his application to the Supreme Court of Ohio, this argument fails. (*See* ECF No. 15, PageID #: 883 ("No appeal of this pleading was taken in the supreme court. The Ohio Supreme Court will not accept appeals of Applications bought under Ohio Appellate rule 26(B) that are not filed within The ninety-day requirement.")). Yowpp essentially argues that an appeal would have been futile because it was procedurally defaulted. However, Yowpp cannot escape procedural default by failing to present his claim to the Ohio Supreme Court. Even if the Supreme Court of Ohio declined to the review the claim based Yowpp's failure to comply with Rule 26(B), this would be an independent and adequate state law ground which constitutes procedural default. *See Washington v. Turner*, 480 F. Supp. 3d 808, 821 (S.D. Ohio 2020) ("An untimely Rule 26(B) application is an independent and adequate state ground that results in procedural default of ineffective assistance of appellate counsel claims.") (citing *Baker v. Bradshaw*, 495 F. App'x 560, 566 (6th Cir. 2012)). Thus, Yowpp's failure to appeal the application because he believed it might be futile does not spare the claim from procedural default.

11

("When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted.")

> **B. Ground Two is procedurally defaulted because Yowpp failed to timely file an application to reopen his appeal and failed to appeal the Ohio Court of Appeals denial of his delayed application to reopen his appeal.**

In Ground Two, Yowpp raises claims of ineffective assistance of his appellate counsel. As supporting facts, he asserts "[a]ppellate counsel provided ineffective assistance of counsel by failing to argue additional issues in which had merit; by failing to notify petitioner of the court of appeals decision after such was due to the Ohio Supreme Court, and; failing to turn over [the] record to allow Petitioner to continue the appeal process." (ECF No. 1, PageID #: 4). Watson argues that Yowpp's claims are procedurally defaulted. (ECF No. 8, PageID #: 72–73). Yowpp concedes that his claims "are procedurally defaulted for failing to exhaust to the highest state court level." (ECF No. 13, PageID #: 840). The Court agrees that Ground Two is procedurally defaulted.

In the first part of Yowpp's Ground Two, he asserts that "[a]ppellate counsel provided ineffective assistance of counsel by failing to argue additional issues in which had merit." (ECF No. 1, PageID #: 4). Yowpp fails to clarify the specific claims that his counsel failed to raise on direct appeal. However, in his application to reopen, Yowpp attempted to raise the following ineffective assistance of counsel claim:

> **Argument II:** Appellate counsel proved ineffective in failing to put before the Court of Appeals the issue that the jury's verdict was based on speculation by improperly stacking an inference upon inference and thereby failed to prove each and every element [of] felonious assault as charged in the indictment, in violation of Appellant's right to due process under the Fourteenth Amendment of the United States Constitution.

(ECF No. 8-1, Ex. 16). Thus, the Court assumes that this was the additional issue he is alleging his appellate counsel failed to raise and is the basis of Ground Two.[5] As discussed above, the Ohio Court of Appeals denied Yowpp's application as he failed to demonstrate good cause for his untimely filing. (*Id.* at Ex. 19).

"If a state has a procedural rule that prevented the state courts from hearing the merits of a habeas petitioner's claim, that claim is procedurally defaulted when: (1) the petitioner failed to comply with the rule; (2) the state actually enforced the rule against the petitioner; and (3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *James*, 2021 WL 405522 at *4 (citing *Maupin*, 785 F.2d at 138; *Taylor*, 649 F.3d at 450).

Yowpp failed to comply with the filing requirements of Rule 26(B) of the Ohio Rules of Appellate Procedure, which requires an applicant show good cause if the application is made more than ninety days after the decision of the appeal, thus satisfying the first factor of the *Maupin* test. The second *Maupin* factor was satisfied when the state appellate court denied Yowpp's application to reopen for failing to demonstrate good cause for filing the application more than ninety days after the decision on his direct appeal. (ECF No. 8-1, PageID #: 257–59). Finally, Yowpp's failure to comply with the filing requirements of Rule 26(B) of the Ohio Rules of Appellate Procedure constitutes an adequate and independent state ground on which Ohio can rely to foreclose review of a federal constitutional claim. *Parker,* 543 F.3d at 862. Accordingly, Yowpp's ineffective assistance of appellate counsel claim is procedurally defaulted.

---

[5] The Court also notes that Yowpp raised one additional argument of ineffective assistance of appellate counsel in his motion to reopen. (*See* ECF No. 8-1, PageID #: 206). However, as this argument appears to be the basis of his Ground Three claim, it will be addressed below. To the extent Yowpp is referring to other arguments his appellate counsel allegedly failed to raise, he failed to specify those arguments in his petition. Furthermore, as he failed to raise any additional arguments in state court, they would be procedurally defaulted.

Again, Yowpp alleges that his procedural default was caused by ineffective assistance of his appellate counsel for failing to send him a copy of the Ohio appellate court's decision denying his direct appeal. (ECF No. 13, PageID #: 848; ECF No. 15, PageID #: 881). As discussed above, however, Yowpp's asserted "cause" is also procedurally defaulted.

In the second part of Ground Two, Yowpp asserts his appellate counsel provided ineffective assistance "by failing to notify petitioner of the court of appeals decision after such was due to the Ohio Supreme Court, and; failing to turn over [the] record to allow Petitioner to continue the appeal process." (ECF No. 1, PageID #: 4). While Yowpp never presented this argument in the state court, the Court notes that he arguably presented the claim by raising it as his basis for "good cause" for his failure to timely file his application to reopen his appeal. (ECF No. 8-1, PageID #: 202–04). As discussed above in the Ground One analysis, the Ohio Court of Appeals found that Yowpp failed to demonstrate good cause and denied his application to reopen his appeal. (*Id.* at PageID #: 257–59). Yowpp failed to appeal that decision to the Supreme Court of Ohio, and he can no longer do so. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). Accordingly, the second part of Yowpp's Ground Two claim is also procedurally defaulted. *Adams*, 2016 WL 6610219 at *2 (citing *O'Sullivan*, 526 U.S. at 848).  As addressed above, in his traverse, Yowpp appears to contend that appealing the denial of his application to reopen his appeal to the Supreme Court of Ohio would have been futile and asserts this as cause for his failure to appeal to the Supreme Court of Ohio. (*See* ECF No. 15, PageID #: 883). However, as discussed above, this does not excuse his procedural default. Accordingly, Ground two is also procedurally defaulted.

### C. Ground Three is procedurally defaulted because Yowpp failed to file a timely application to reopen his appeal.

In Ground Three, Yowpp asserts "Petitioner was deprived his Sixth Amendment right to confront the witness against him within his jury trial." (ECF No. 1, PageID #: 4). As supporting

facts, he states, "[t]he State of Ohio failed to produce the witness-victim against the Petitioner within his jury trial, allowing him to confront said individual and conduct cross examination." (*Id*.). Again, Watson argues all of Yowpp's claims are procedurally defaulted, and Yowpp concedes that his claims "are procedurally defaulted for failing to exhaust to the highest state court level." (ECF No. 8, PageID #: 72–73; ECF No. 13, PageID #: 840).

Similar to the first part of Ground Two, Yowpp attempted to raise this argument in his delayed application to reopen his appeal. (ECF No. 8-1, PageID #: 206–07). As discussed above, the Ohio Court of Appeals found that Yowpp failed to demonstrate good cause for his delayed application and denied his application to reopen his appeal. (*Id.* at PageID #: 257–59). As demonstrated in the analysis of Ground Two above, the Ohio Court of Appeals applied a state procedural rule that prevented it from hearing the merits of Yowpp's claim, and the *Maupin* factors are met. *See* Ohio App. R. 26(B); *see also* 785 F.2d at 138. Additionally, as discussed above, Yowpp's asserted cause for his default is also procedurally defaulted. Thus, Ground Three is procedurally defaulted.

### D.  Ground Four is procedurally defaulted and not cognizable.

In Ground Four, Yowpp asserts he "was deprived his fundamental right to access the courts under the First Amendment of the U.S. Constitution." (ECF No. 1, PageID #: 4). Specifically, he argues he "was deprived of his right to submit a timely jurisdictional appeal to the Ohio Supreme Court, when he wished to submit such, he had a right to do so, further, depriving him of the right to submit a timely application to reopen his direct appeal under APP.R.26(B)." (*Id*.). Watson appears to argue that this claim is procedurally defaulted and not cognizable. (ECF No. 8, PageID #: 93–94). Again, Yowpp concedes that his claims "are procedurally defaulted for failing to exhaust to the highest state court level." (ECF No. 13, PageID #: 840).

As Yowpp fails to allege "who" deprived him of his fundamental right, the Court is unclear of the exact argument Yowpp is attempting to raise in this claim. To the extent he is arguing that his appellate counsel deprived him of his fundamental right, the Court previously addressed his claim that appellate counsel failed to timely provide information to file his appeal to the Supreme Court of Ohio above.[6] The Court also addressed Yowpp's motion to reopen his appeal in the same analysis above. As the Court noted therein, this claim is procedurally defaulted. To the extent Yowpp is arguing that the Supreme Court of Ohio and Ohio Court of Appeals deprived him of his fundamental right by denying his motion for delayed appeal and delayed application to reopen his appeal, his claim is not cognizable on federal habeas corpus review.

"In considering a petition for a writ of habeas corpus, '[t]he federal courts must defer to a state court's interpretation of its own rules of evidence and procedure.'" *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citations omitted)); *see also Brewer v. Overberg,* 624 F.2d 51, 52 (6th Cir.1980), *cert. denied,* 449 U.S. 1085, 101 S. Ct. 873, 66 L. Ed. 2d 810 (1981). The Supreme Court of Ohio found that Yowpp failed to comply with the filing requirements of Ohio Supreme Court Practice Rule 7.01 and denied his motion for a delayed appeal. (ECF No. 8-1, PageID #: 200). Similarly, the Ohio Court of Appeals found that Yowpp failed to comply with the filing requirements of Rule 26(B) of the Ohio Rules of Appellate Procedure and denied his application to reopen his appeal. (*Id.* at PageID #: 257–59). The Court cannot review these decisions on habeas review. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) ("Whether or not the [state court] complied with the procedural requirements of [state] law is not a matter for this court to decide on a petition for

---

[6] The Court notes that in his traverse, Yowpp appears to suggest his appellate counsel's failure to notify him of appellate proceedings may have denied him effective access to the courts. (*See* ECF No. 15, PageID #: 879–80).

habeas corpus relief. The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.") (citations omitted). Moreover, as noted above, Yowpp failed to appeal the Ohio Court of Appeals decision to deny his application to reopen to the Supreme Court of Ohio, and he can no longer do so. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). Thus, even assuming his claim were cognizable, it is also procedurally defaulted. *Adams*, 2016 WL 6610219 at *2 (citing *O'Sullivan*, 526 U.S. at 848).

### E. Stay and Voluntary Dismissal

As demonstrated above, Yowpp's claims are all procedurally defaulted, which he concedes. (ECF No. 13, PageID #: 840). Nevertheless, he moves the Court for a stay and abeyance or a voluntary dismissal without prejudice. (*Id.* at PageID #: 840–41). Watson argues that the Court should deny Yowpp's motion because he has failed to demonstrate good cause for his failure to exhaust his claims in state court under *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Additionally, Watson opposes Yowpp's motion to voluntarily dismiss without prejudice, arguing that it may constitute "plain legal prejudice" and may result in Yowpp's claims being barred by the one-year statute of limitations. (ECF No. 14, PageID #: 866–70).

A district court may utilize a stay and abeyance in limited circumstances. *Rhines*, 544 U.S. at 277. "Stay and abeyance, if employed too frequently, has the potential to undermine [the AEDPA's] twin purposes." *Id.*

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality . . . by allowing a petitioner to delay the resolution of the federal proceedings, and it undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court before filing his federal petition.

*Id.* at 270.

In *Rhines*, the Supreme Court held that, rather than dismissing a petition for failure to exhaust all claims, a district court has discretion to stay a *mixed* petition to allow a petitioner to present his previously unexhausted claims to the state court. *Id.* at 275. The Supreme Court defined a mixed petition as a "petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Id.* at 271. However, this analysis applies only to a mixed petition. *See Witherspoon v. Howes*, No. 1:07-CV-981, 2008 WL 3833751, at *2 (W.D. Mich. Aug. 13, 2008) (quoting *Stedman v. Hurley*, No. 1:05-cv-2051, 2006 WL 2864319, at *8 (N.D. Ohio Oct. 4, 2006) ("Absent a mixed petition, 'the court cannot stay the exhausted claims pending the resolution of the unexhausted claim.'")); *see Gatlin v. Clipper*, No. 5:13CV2434, 2014 U.S. Dist. LEXIS 82283, at *4–5 (N.D. Ohio June 17, 2014) (denying motion for stay and abeyance because the petitioner stated only one ground for relief, therefore, his petition was not "mixed"); *see Drummond v. Jenkins*, No. 1:16-CV-734, 2016 U.S. Dist. LEXIS 125757, at *26–28 (N.D. Ohio Sept. 15, 2016) (denying motion for stay and abeyance where the petition only contained exhausted claims and therefore was not a mixed petition).

Here, Yowpp's petition is not a mixed petition. The instant petition does not contain some exhausted claims and some unexhausted claims. Rather—as Yowpp concedes—all of the claims in the instant petition are procedurally defaulted. "Consequently, the current petition is not a 'mixed petition' but rather one containing only claims which have been fully exhausted (although perhaps, as to [all], defaulted) in the state courts." *Clinton v. Cook*, No. 2:16-cv-0573, 2017 U.S. Dist. LEXIS 99133, at *2 (S.D. Ohio June 27, 2017). Thus, Yowpp's motion for stay and abeyance of his habeas petition should be denied.

18

In the alternative, Yowpp moves the Court to voluntarily dismiss his petition without prejudice. Watson opposes the motion, arguing that to allow such may constitute "plain legal prejudice" and may result in Yowpp's claims being barred by the one-year statute of limitations. (ECF No. 14, Page ID #: 866–70).

The Court agrees that if Yowpp's motion to voluntarily dismiss his petition without prejudice were granted, he would be time-barred from bringing his claims in the future. Yowpp's judgment became final on December 21, 2020, upon the expiration of the forty-five days from the November 6, 2020 judgment of entry of Yowpp's direct appeal. Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). Thus, Yowpp's statute of limitations began running on December 22, 2020. The one-year statute of limitations is tolled for "[t]he time during which a *properly filed application* for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2) (emphasis added). Yowpp filed a delayed motion to appeal to the Supreme Court of Ohio and a delayed application to reopen his appeal. However, neither can be considered "properly filed" as they were both denied as untimely. As such, Yowpp's statute of limitations began running on December 22, 2020 and expired on December 22, 2021. Thus, Yowpp's instant petition is already untimely.[7]

Even assuming Yowpp's delayed application to reopen his appeal and motion for a delayed appeal to the Supreme Court of Ohio tolled his statute of limitations, Yowpp's statute of limitations would have been tolled from December 13, 2021 through March 15, 2022—during the pendency

---

[7] Although the instant petition is untimely, the statute of limitation is an affirmative defense that Watson failed to raise. *See Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002). Therefore, it is waived. *Id.* Thus, the Court does not recommend that the instant petition be dismissed as untimely. The Court has merely provided this analysis to demonstrate that if Yowpp's motion to voluntarily dismiss without prejudice were granted, any future petition filed by Yowpp would be likely barred by the statute of limitations.

19

of his application to reopen his appeal and motion for delayed appeal. On the date it was tolled, December 13, 2020, Yowpp merely had nine days left before his statute of limitations would have expired without tolling on December 22, 2020. Thus, even assuming Yowpp's statute of limitations was tolled, it would have resumed running on March 16, 2022—the day after the judgment of his motion for delayed appeal to the Supreme Court of Ohio—and expired on March 25, 2022, nine days later. Yowpp filed the instant petition on May 31, 2022, two months after the AEDPA statute of limitations expired, even assuming he was entitled to statutory tolling. Thus, if the Court were to grant Yowpp's motion for voluntary dismissal of his petition without prejudice, it would bar Yowpp access to any relief in federal court. *See Stedman v. Hurley*, No. 1:05 CV 2051, 2006 WL 2864319, at *9 (N.D. Ohio Oct. 4, 2006).

## V.    Conclusion

For the reasons explained above, the undersigned concludes that Grounds One, Two, and Three are procedurally defaulted and that Ground Four is both procedurally defaulted and non-cognizable. The Court also concludes that Yowpp's motions to stay in abeyance and for voluntary dismissal should be denied.

## VI.    Certificate of Appealability

### A.  Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Yowpp's grounds for relief are procedurally defaulted. If the Court accepts the foregoing recommendation, then Yowpp has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, the Court recommends that the Court not issue a certificate of appealability

## VII. Recommendation

The undersigned recommends that the Court **DENY** Yowpp's motion to stay and hold in abeyance his petition or, in the alternative, to dismiss his petition without prejudice; **DISMISS** Grounds One, Two, and Three as procedurally defaulted; and **DISMISS** Ground Four as procedurally defaulted and non-cognizable.


DATED: August 9, 2023

s/ *Carmen E. Henderson*
_____
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

_____


## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).